UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **LARRY EDWARD LEWIS** | **CIVIL ACTION NO. 3:25-1890** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JUDGE ALAN NORRIS** | **MAG. JUDGE KAYLA DYE MCCLUSKY** |

<u>REPORT AND RECOMMENDATION</u>

Pending before the Court is Plaintiff Larry Edward Lewis' civil rights Complaint [doc. #1] filed pursuant to 42 U.S.C. § 1983. Lewis, who is proceeding pro se and in forma pauperis in this matter, seeks relief against the sole Defendant, Judge Alan "Jim" Norris ("Judge Norris"), a city court judge in the city of West Monroe, Louisiana. Lewis further seeks service of his Complaint by the United States Marshals Service. [doc. #5].

For reasons stated below, IT IS RECOMMENDED that all of Plaintiff's claims except those for injunctive and declaratory relief and any remaining state law claims be DISMISSED WITH PREJUDICE as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages against a defendant who is immune from suit. IT IS FURTHER RECOMMENDED that Lewis' claims for injunctive and declaratory relief and any remaining state law claims be DISMISSED WITHOUT PREJUDICE. His motion for service [doc. # 5] is DENIED AS MOOT.

**I.      BACKGROUND**

Lewis brought this § 1983 action against Judge Norris, alleging violations of his rights under the First, Fifth, Sixth, and Fourteenth Amendments (Counts 1-4) based on Judge Norris' conduct during proceedings at West Monroe City Court on or about September 17, 2025. [doc.

#1, pp. 1-2]. Lewis further asserts claims against Judge Norris for "Violation of Oath of Office" (Count 5) and "Action Under Color of Law (42 U.S.C. § 1983)" (Count 6). *Id.* at p. 2.

On the date alleged, Lewis appeared before Judge Norris on traffic citations for having no driver's license, no insurance, no registration, and no license plate. [doc. #1-2, p. 2]. Lewis, who conveniently attached a copy of the purported transcript from the court proceeding, made a "special appearance" only to challenge personal and subject-matter jurisdiction. [doc. #1, p. 2; doc. #1-2, p. 2]. According to the transcript, attached to his Complaint and thus incorporated, Lewis stated that he was there to make a special appearance to "challenge the jurisdiction of this Court." [doc. #1-2, p. 2]. He refused to provide his date of birth, refused to enter a plea, and stated that he would reserve his "rights under the Constitution of the United States of America, under the Louisiana Constitution, under the Common Law and UCC 1-308." *Id.* Judge Norris noted his objection and then instructed him to "be quiet." *Id.* at p. 3. Although a trial date was apparently set for October 2025, Lewis makes no allegations of what took place, if anything on that date.

On or about November 26, 2025, Lewis filed suit in this Court. On the bases of the counts set forth above, Lewis seeks compensatory damages for emotional distress, constitutional injury, and loss of due process. He further seeks punitive damages on the basis of Judge Norris' "intentional misconduct." [doc. #1, p. 2]. Finally, he seeks declaratory relief that his rights were violated and injunctive relief "to prevent future violations." *Id.* Lewis demands a jury trial for his claims.

## II. LAW & ANALYSIS

**A.     Frivolity Review**

The undersigned granted Lewis leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for sua sponte dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)–(iii).  The statute applies to prisoner and non-prisoner cases.  *See Patel v. United Airlines*, 620 F. App'x 352 (5th Cir. 2015) (per curiam) (applying Section 1915 to non-prisoner pro se litigant); *James v. Richardson,* 344 F. App'x 982, 983 (5th Cir. 2009) (per curiam) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.").

In reviewing Lewis' Complaint and the attached transcript, which is incorporated thereto, the Court must "accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff[]."  *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (internal quotation marks and citation omitted).  Further, a pro se litigant's pleadings are to be construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nevertheless, his complaint may be dismissed as frivolous if it lacks an arguable basis in law or fact.  28 U.S.C. § 1915(e)(2)(B)(i); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.  1997).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Id.,* 112 F.3d at

193 (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). A complaint lacks an arguable basis in fact "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 160 (5th Cir. 1995).

**B.      Section 1983**

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *West v. Atkins,* 487 U.S. 42 (1988).

While Lewis asserts six causes of action, at least four causes of action appear to arise under Section 1983. His sixth cause of action is not actually a separate cause of action, but effectively a restatement that he is asserting a Section 1983 claim. Accordingly, the first four causes of action will be addressed together.

1)      <u>Monetary Damages</u>

First, to the extent he seeks damages from the sole Defendant, Judge Norris is entitled to absolute immunity. "Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). When assessing the entitlement to judicial immunity, the Fifth Circuit has held that "[i]t is the Judge's actions alone, not intent, that we must consider." *Malina*

*v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993).  Judicial immunity "can be overcome in two sets of circumstances: (1) 'a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity'; and (2) 'a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.'"  *Ballard,* 413 F.3d at 515 (quoting *Mireles*, 502 U.S. at 11-12).  A judge's actions are judicial in nature if they are "normally performed by a judge" and the parties affected "dealt with the judge in his judicial capacity."  *Mireles*, 502 U.S. at 12 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)).[1]  In this case, it is crystal clear that Judge Norris was acting in his capacity as a judge when attempting to obtain information from Lewis in open court, entered a not guilty plea on his behalf, and subsequently set a return court date for a trial on his traffic citations.   While Lewis would like to characterize this matter as one lacking in provable jurisdiction, he is plainly wrong.

Lewis argues that he did not "consent" to the court's exercise of jurisdiction.  [doc. #1 & doc. #1-2].  He further apparently demanded that Judge Norris "place jurisdiction on the record before proceeding," but Judge Norris "refused to address or establish jurisdiction and instead proceeded."  [doc. #1, pp. 1-2].

To the extent that Lewis is arguing that Judge Norris is not entitled to immunity because he acted in "clear absence of all jurisdiction," *Stump v. Sparkman*, 435 U.S. 349, 356–7 (1978),

---

[1] Courts consider four factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.  *Ballard*, 413 F.3d at 515.  "These factors are broadly construed in favor of immunity."  *Id*.  "Immunity may be applied even if one or more of these factors is not met."  *Morrison v. Walker*, 704 F. App'x 369, 373 (5th Cir. 2017).

his argument fails. State law unequivocally confers jurisdiction upon city courts to adjudicate state law offenses that are committed within their jurisdictions, and which are not punishable by imprisonment at hard labor. LA. R.S. § 13:1894; *State v. Ryan*, 446 So.2d 554, 555–6 (La. App. 3d Cir.1984) (city court had subject matter jurisdiction over state law criminal offense). In this case, Lewis is charged with several traffic violations, over which Judge Norris enjoyed at least "some" basis for subject matter jurisdiction, which is all that is needed to retain judicial immunity. *See also Kastner v. Lawrence*, 390 Fed. Appx. 311, *2 (5th Cir. July 23, 2010) (unpubl.) (judge entitled to absolute immunity, despite his failure to follow certain procedures). Indeed, generally a judge acts in exception of jurisdiction only if he acts purely in a private and non-judicial capacity. *Henzel v. Gerstein*, 608 F.2d 654, 658 (5th Cir. 1979) (citation omitted). Clearly, those circumstances are not present here where Lewis' interactions with Judge Norris all occurred on the record in City Court. *See Jackson v. Louisiana Tech Univ.*, CIV.A. 11-0524, 2011 WL 6749014, at *7 (W.D. La. Nov. 22, 2011), report and recommendation adopted, CIV.A. 11-0524, 2011 WL 6749044 (W.D. La. Dec. 22, 2011).

If Lewis is contending that Judge Norris lacked personal jurisdiction over him in this criminal matter, La. C. Cr. P. arts. 16 and 17 recognize the criminal jurisdiction of courts. *State v. Otkins-Victor*, 15-340, p. 82 (La. App. 5 Cir. 5/26/16); 193 So.3d 479, 535, writ denied sub nom. *State ex rel. Otkins-Victor v. State*, 2016-1495 (La. 10/15/18); 253 So.3d 1294; *see also Du Bois v. Warne*, 336 Fed. App'x. 407, 409 (5th Cir. 2009).

In addition, given the language used and the type of arguments Lewis has made in this Court, it appears that he is making a claim of sovereign citizenship (e.g., "I am Lewis [sic] Edward Lewis, the living man."). His arguments are also frivolous on that basis.

> The "Sovereign Citizens" movement is based on a theory where [Sovereign Citizens] view the "USG [U.S. Government] as bankrupt and without tangible assets; therefore, the USG is believed to use citizens to back U.S. currency. Sovereign citizens believe the USG operates solely on a credit system using American citizens as collateral." *El v. AmeriCredit Fin. Servs., Inc.,* 710 F.3d 748, 750 (7th Cir. 2013) (citation omitted); *see also Cooper v. United States*, 104 Fed. Cl. 306, 313–314 (2012) (explaining that "an individual who identifies with the Sovereign Citizen Movement considers himself to be his own sovereign, not a United States citizen, and therefore 'believe[s] that [he is] not subject to government authority.' *Gravatt v. United States,* 100 Fed. Cl. 279, 282 (2011). Members of this movement think that [t]he federal government ... has tricked the populace into becoming U.S. citizens by entering into 'contracts' embodied in such documents as birth certificates and social security cards. With these contracts, an individual unwittingly creates a fictitious entity (i.e., the U.S. citizen) that represents, but is separate from, the real person. Through these contracts, individuals also unknowingly pledge themselves and their property, through their newly created fictitious entities, as security for the national debt in exchange for the benefits of citizenship.").

*United States v. Graham*, 452 F. Supp. 3d 871, 881 n.2 (D. Minn. 2020), aff'd, 2020 WL 6326339 (8th Cir. June 4, 2020). Despite the continued attempts to rely on these arguments, as a sister court in Texas has observed,

> Courts routinely dismiss sovereign citizen claims . . . *Berman v. Stephens*, No. 4:14-CV-860-A, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (collecting cases) ("His reliance on the UCC or a so-called 'sovereign citizen' theory that he is exempt from prosecution and beyond the jurisdiction of the state or federal courts is frivolous. The same or similar arguments have been repeatedly rejected by other courts and are rejected by this Court."); *see also, e.g., Mason v. Anderson*, No. CV H-15-2952, 2016 WL 4398680 (S.D. Tex. Aug. 18, 2016).

*Davis v. Weatherford Mun. Ct.,* No. 4:19-CV-00502-P-BP, 2019 WL 7484130, at *4 (N.D. Tex. Dec. 20, 2019), report and recommendation adopted, No. 4:19-CV-00502-P-BP, 2020 WL 59511 (N.D.

Tex. Jan. 6, 2020); *see also Berman v. Stephens*, No. 4:14-CV-860-A, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (collecting cases rejecting the same or similar arguments and stating that a plaintiff/petitioner's "claimed status as a secured-party creditor or a sovereign citizen" does not render him "beyond the jurisdiction of the courts" or entitle him to relief) (citation omitted).

In a variation on the sovereign citizen theme, the undersigned and other courts are now made to listen to the argument that courts cannot exercise jurisdiction over an individual unless the courts "prove" that they have a bond. These claims, too, are legally frivolous. A court's jurisdiction is not based on whether it has a bond or can provide the name of the bonding company or policy number, but on the laws and constitution of the state in which it operates.

Accordingly, it will be RECOMMENDED that Lewis' claims be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and as legally frivolous for purposes of 28 U.S.C. § 1915A(b).

2) <u>Declaratory and Injunctive Relief</u>

Further, to the extent that Lewis seeks declaratory and injunctive relief, the Court cannot exercise jurisdiction over these claims. Lewis provides evidence that Judge Norris set his traffic violation for trial in October 2025, but it is not clear whether the trial went forward or if the traffic charges remain pending. In either case, this Court cannot intervene. If the case is ongoing, then, under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must decline to interfere with state criminal (or, in this case, traffic citation) proceedings "except in extraordinary circumstances where the danger of irreparable loss is both great and immediate."

*Rodriguez v. Salazar*, 2019 U.S. Dist. LEXIS 188892, 2019 WL 5624756, at *1 (W.D. Tex. Oct. 31, 2019).  The Fifth Circuit has emphasized that the federal court must abstain from exercising jurisdiction over a dispute when (1) the dispute involves an ongoing state judicial proceeding, (2) the subject matter of the dispute implicates important state interests, and (3) the ongoing state proceedings afford adequate opportunities for raising the constitutional challenges. *Louisiana v. Ashworth*, 2024 U.S. Dist. LEXIS 233021, *1 (W.D. La., Dec. 19, 2024) (citing *Wightman v. Tex. Sup. Ct.*, 84 F.3d 188, 189-90 (5th Cir. 1996)).  Of course, the State of Louisiana has an important interest in enforcing its laws and regulations, including traffic laws. *Id.* at *2.  Lewis may raise his challenge in the state court through its appeal and writ processes.  Additionally, he has not shown any type of extraordinary circumstances which would support intervention.

If, on the other hand, the state court proceedings are now complete and Lewis seeks to challenge a ruling or judgment of the West Monroe City Court through this federal lawsuit, he is barred from doing so by the *Rooker-Feldman* doctrine.  That doctrine prevents district courts from reviewing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  Thus, this Court lacks jurisdiction to consider Lewis' challenges to his traffic citation.  *See, e.g., Erlandson v. Northeglenn Mun. Court*, 528 F.3d 785, 789-90 (10th Cir. 2008) (concluding that the court, pursuant to the *Rooker-Feldman* doctrine, lacked subject matter jurisdiction over § 1983 challenges to municipal court conviction for littering); *Algoe v.*

*State of Texas*, Civil Action No. 3:15-CV-1162-D (consol. with 3:15-CV-1204-D), 2016 WL 6902154, at *8-9 (N.D. Tex. Sep. 29, 2016), rec. accepted 2016 WL 6893682 (N.D. Tex. Sep. 21, 2016) (concluding that court lacked jurisdiction under the *Rooker-Feldman* doctrine where the plaintiff "sought review and oversight of three state municipal traffic cases in which he was found guilty."), rec. accepted 2016 WL 6893682 (N.D. Tex. Sep. 21, 2016).

Accordingly, it will be RECOMMENDED that Lewis' claims for injunctive and declaratory relief be dismissed without prejudice for lack of subject matter jurisdiction.

C.   **Oath of Office**

To the extent that Lewis seeks relief against Judge Norris for his alleged violation of his Oath of Office, his claim fares no better than the rest. Even if Judge Norris "violated" his oath of office, "[a] violation of state law is not cognizable under § 1983." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). If Lewis is attempting to tie this claim to his other stated causes of action under Section 1983, the analysis would be the same as set forth above, and, like the others, subject to dismissal.

D.   **Any Remaining State Law Claims**

Finally, "[w]hen . . . all claims which confer federal subject matter jurisdiction are dismissed, the court may decline to exercise supplemental jurisdiction over remaining state law claims." *Bears Towing & Recovery of Ouachita Inc. v. Team Hosey Express LLC*, 2024 WL 1707295, at *2 (W.D. La. Apr. 4, 2024) (citing 28 U.S.C. § 1367(c)(3); *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is

purely discretionary."). In considering factors such as "judicial economy, convenience, fairness, and comity," the Fifth Circuit has held that district courts should "decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Manyweather v. Woodlawn Manor, Inc.,* 40 F.4th 237, 242 (5th Cir. 2022) (quoting *Heggemeier v. Caldwell County, Texas,* 826 F.3d 861, 872 (5th Cir. 2016)).

In this case, it appears that all of Lewis' claims are actually asserted under Section 1983, but he refers to both Judge Norris' oath of office and the Louisiana Constitution, so, out of an abundance of caution, the undersigned will recommend dismissal of any remaining state law claims without prejudice.

### III. CONCLUSION

For reasons stated above, IT IS RECOMMENDED that all of Lewis' claims except those for injunctive and declaratory relief and any remaining state law claims be DISMISSED WITH PREJUDICE as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages against a defendant who is immune from suit. IT IS FURTHER RECOMMENDED that Lewis' claims for injunctive and declaratory relief and any remaining state law claims be DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Lewis' motion for service [doc. # 5] is DENIED AS MOOT in light of the recommendation that his claims be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written

objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

MONROE, LOUISIANA, this 8th day of December, 2025.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE